# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES** | ) |
|  | ) |
| **v.** | ) |
|  | ) **Criminal No. 21-cr-595-TJK** |
| **JAMES DAVIS** | ) |
|  | ) |

## DEFENDANT'S OMNIBUS MOTION TO DISMISS THE INDICTMENT AND MEMORANDUM OF POINTS AND AUTHORITIES

James Davis, by and through undersigned counsel, respectfully requests this Court to dismiss Count 1 of the Superseding Indictment [E.C.F. 20].  In support of this Motion, counsel states the following:

### BACKGROUND

On July 22, 2021, Mr. Davis was charged by Complaint with four counts, including 18 U.S.C. §111 (a), 18 U.S.C. §§1752(a)(2) and (4), 40 U.S.C. § 5104(e)(2)(F), and 18 U.S.C. § 231 (a)(3) for his participation in the events of January 6, 2021 at the Capitol.  Ultimately, the grand jury returned an indictment on August 11, 20221 [E.C.F. 10] that did not include a count for 18 U.S.C. §111 (a) felony assault on a police officer.  Instead, the grand jury returned a six-count indictment with the following charges:

Count 1: 18 U.S.C. § 231 (a)(3);
Count 2 18 U.S.C. § 1752(a)(1);
Count 3: 18 U.S.C § 1752(a)(2);
Count 4: 18 U.S.C. § 1752(a)(4);
Count 5: 40 U.S.C. § 5104(e)(2)(D)
Count 6: 40 U.S.C. § 5104(e)(2)(F)

On January 6, 2022, the government filed a Superseding Indictment [E.C.F. 20] that contained the same substantive counts with minor change in the language for Count 2.  The Superseding

Indictment only contains boilerplate language of the statutes cited.

On November 9, 2023, Mr. Davis waived his right to a jury and requested a bench trial before this Honorable Court.  A trial was scheduled for June 12, 2023 and ultimately rescheduled to June 20, 2023.  Mr. Davis travelled to Washington, DC to engage in constitutionally protected activities.  Mr. Davis never entered the Capitol building and ultimately passed out due to medical reasons mid-protest.  Count 1 of the indictment is defective both facially and as applied to Mr. Davis and it fails to plead with constitutionally sufficient specificity the allegations against him.

**LEGAL STANDARD**

Rule 12 of the Federal Rules of Criminal Procedure states that pretrial motions to dismiss the indictments are proper when there are defects including: (iii) lack of specificity."  Fed. R. Cr. P. 12(b)(3)(B)(ii) and (iii).   "When considering a motion to dismiss an indictment, a court assumes the truth of [the indictment's] factual allegations."  *United States v. Concord Mgmt. & Consulting LLC*, 317 F. Supp. 3d 598, 606 (D.D.C. 2018) (quoting from *United States v. Ballestas*, 795 F.3d 138, 149, 417 U.S. App. D.C. 401 (D.C. Cir. 2015).  In analyzing this motion, the district court's role is to "review the sufficiency of the government's pleadings," not to address the "sufficiency of the government's evidence."  *United States v. Saffarinia*, 424 F. Supp. 3d 46, 56 (D.D.C. 2020) (quoting from *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 154 (D.D.C. 2015)).   "In all criminal prosecutions, the accused shall enjoy the right … to be informed of the nature and cause of the accusation."  U.S. Const. Amend. VI; *see also* Fed. R. Crim. P. 7(c)(1) (criminal indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged").

A facially valid indictment is intended to guarantee two core constitutional protections: notice, *United States v. Hill*, 249 F.3d 1010, 1016 (D.C. Cir. 2001) (citations omitted), and

protection against abusive criminal charging practices.  *Sirone v. United States*, 361 U.S. 212, 218 (1960).  The Supreme Court has held repeatedly that the "language of an indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictment returned by the grand jury." *United States v. Hitt*, 249 F.3d 1010, 1016 (citing, *e.g.*, *Russell v. United States, 369* U.S. 749, 768-71 (1962)).  "The test for sufficiency is whether it is fair to require the accused to defendant himself on the basis of the charge as stated in the indictment."  *United States v. Conlon*, 628 F.2d 150, 155 (D.C. Cir. 1980).

## ARGUMENT

The Court should dismiss Count 1 of the Superseding Indictment for three reasons.  First, it fails as a matter of law due to lack of specificity, is too broad and vague, and fails to inform Mr. Davis as to the charges against him.  Second, 18 U.S.C. § 231(a)(3) violates the First Amendment and is therefore facially invalid.  Finally, the statute is unconstitutional as applied to Mr. Davis. The Court should therefore dismiss Count 1 of the indictment.

**I.  THE SUPERSEDING INDICTMENT FAILS AS A MATTER OF LAW BECAUSE IT LACKS SPECIFICITY, IS UNCONSTITUTIONALLY TOO BROAD AND VAGUE, AND FAILS TO INFORM MR. DAVIS AS TO THE CHARGES AGAINST HIM**

To be legally sufficient, an indictment must "set forth the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1); *see also United States v. Sunia*, 643 F. Supp. 2d 51, 77 (D.D.C. 2009) (explaining that an indictment must do more than merely "allege each element of the offense"; it must also "*allege the essential facts constituting the offense*") (emphasis in original) (citation omitted).  An indictment must contain factual allegations that explain the basis for the charged offense with sufficient clarity "to apprise the defendant of what he must be prepared to meet" and to ensure that the government is not "free to roam at large." *Russell v. United States*, 369 U.S. 749, 764 (1962).  An indictment must be specific enough to enable a

defendant to plead double jeopardy as a bar to a future prosecution. *United States v. Segal*, 299 F. Supp. 2d 840, 845 (N.D. Ill. 2004), quoting *United States v. Locklear*, 97 F.3d 196, 199 (7th Cir. 1996), *Hamlin v. United States*, 418 U.S. 87, 117 (1974). These requirements are derived both from the defendant's Sixth Amendment right to notice of the charges against him, as well as the Fifth Amendment's grand jury right, for if an indictment is too vague, a defendant may be convicted upon facts that were not presented to the grand jury. *Id.*

A defendant can challenge an indictment on the grounds that it lacks specificity, *see* Fed. R. Crim. P. 12(b)(3)(B)(iii), but "the defendant must apprise the District Court of those particular portions of the indictment that are lacking in the requisite specificity, and explain why, in the circumstances, greater specificity is required." *United States v. Saffarinia*, 424 F. Supp. 3d 46, 70 (D.D.C. 2020) (quoting from *United States v. Crowley*, 236 F.3d 104, 109 (2d Cir. 2000)). An indictment that is drafted using "the generic words of a statute and that fails entirely to describe in any meaningful way the acts of the defendant that constitute the offenses charged is insufficient to notify a defendant of the nature of the accusations against him." *United States v. Hillie*, 227 F. Supp. 3d 57, 73 (D.C. Cir. 2017) (dismissing counts 1-7 of indictment charging child pornography for failure to allege facts that revealed particular factual basis for the government's accusations), quoting *United States v. Nance*, 533 F.2d 699, 701 (D.C. Cir. 1976); *United States v. Thomas*, 444 F.2d 919, 922 (D.C. Cir. 1971).

The Court should dismiss the indictment in this case pursuant to Rule 12(b)(3)(B)(iii) for three reasons. First, the Superseding Indictment fails to allege what "act' Mr. Davis committed to "obstruct, impede, and interfere with a law enforcement officer." The Superseding Indictment in this case is basically a verbatim recitation of the broad statutory elements of 18 U.S.C. § 231(a)(3). Section 231 provides criminal penalties for:

> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the  lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function—§ 231(a)(3).

In this case, the government has failed to plead any facts in the Superseding indictment as to what "act" or "acts" Mr. Davis committed to "obstruct, impede, or interfere" with law enforcement.  The boilerplate allegations in the indictment violated both the presentment and notice functions of the grand jury indictments under the Fifth and Sixth Amendments and Fed. R. Crim. Proc. R. 7(c).  The constitutional rights to presentment to a grand jury and adequate notice of the charges are embedded in the Fifth and Sixth Amendments to the Constitution and in Rule 7(c) of the Federal Rules of Criminal Procedure. In the present case, the government mass produced indictments identical in language except for names and dates of the offense.

"[R]eal notice of the true nature of the charge" is "the first and most universally recognized requirement of due process." *Smith v. O'Grady*, 312 U.S. 329, 334 (1941).  In holding that the notice requirements of the Sixth Amendment apply to the States through the requirement of due process, the Supreme Court stated: "No principle of procedural due process is more clearly established than that notice of the specific charge [is] among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *Cole v. Arkansas*, 333 U.S. 196, 201 (1948); see Joseph Story, *Commentaries on the Constitution*, § 1779 (1833) ("[T]he indictment must charge the time, and place, and nature, and circumstances, of the offense, with clearness and certainty; so that the party may have full notice of the charge, and be able to make his defense with all reasonable knowledge and ability.").

The Fifth Amendment's presentment provision also requires that the facts be elucidated sufficiently in the indictment so that the grand jury's finding of probable cause can be ascertained

and to foreclose conviction based on any offense not found by the grand jury.  See *Stirone v. United States*, 361 U.S. 212, 215-162 (1960) ("[A]fter an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself.").  Without specificity of charged conduct and circumstances, the court would be forced to "guess as to what was in the minds of the grand jury at the time they returned the indictment[,]" which would "deprive the defendant of a basic protection that the grand jury was designed to secure," by allowing a defendant to be convicted "on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him."  *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999) (quoting *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979) (citing *Russell v. United States*, 369 U.S. 749, 770 (1962)).

The indictment in the present case fail to fulfill either the notice or presentment requirements of the Fifth and Sixth Amendments.  The indictments evidence no attempt to fulfill the Rule 7(c) requirement of a "plain, concise, and definite written statement of the essential facts constituting the offense charged."  The indictment's only deviation from duplicating the exact statutory language of § 231(a)(3) are the addition of "United States Capitol Police Department and the Metropolitan Police Department" to describe the law enforcement agencies.  The indictment does not include any description of the actual conduct, or the specific circumstances involved or any allegation regarding Mr. Davis's *mens rea*.  Accordingly, the indictment does not demonstrate that the grand jury made the required finding of probable cause, and it provides the defense with no notice regarding the conduct charged.

II.  **The Court Should Dismiss Count One Because 18 U.S.C. § 231(a)(3) Is Unconstitutionally Vague.**

18 U.S.C. § 231(a)(3) of the civil disorder statute is overbroad and unconstitutionally vague because §231(a)(3)'s imprecise and subjective standards fail to provide fair notice as to

what conduct is criminal and creates significant risk of arbitrary enforcement.  Further, several of

the statute's terms are so broad and indefinite as to impose unqualified burdens on protected

expression.

"The prohibition of vagueness in criminal statutes 'is a well-recognized requirement,

consonant alike with ordinary notions of fair play and the settled rules of law,' and a statute that

flouts it 'violates the first essential of due process.'" *Johnson v. United States*, 576 U.S. 591, 595

(2015) (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)).  As the Supreme

Court has explained,

> [i]t is a basic principle of due process that an enactment is void for vagueness if
> its prohibitions are not clearly defined. Vague laws offend several important
> values. First, because we assume that man is free to steer between lawful and
> unlawful conduct, we insist that laws give the person of ordinary intelligence a
> reasonable opportunity to know what is prohibited, so that he may act
> accordingly. Vague laws may trap the innocent by not providing fair warning.
> Second, if arbitrary and discriminatory enforcement is to be prevented, laws must
> provide explicit standards for those who apply them. A vague law impermissibly
> delegates basic policy matters to policemen, judges, and juries for resolution on
> an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and
> discriminatory application. Third, but related, where a vague statute abuts upon
> sensitive areas of basis First Amendment freedoms, it operates to inhibit the
> exercise of those freedoms. *Grayned v. City of Rockford*, 408 U.S. 104, 108
> (1972) (internal citations and quotations omitted).

As observed by the Supreme Court in *Grayned*, vagueness concerns are most acute when

the statute imposes criminal penalties and implicates the First Amendment by chilling

exercise of protected expression.  *See Kolender v. Lawson*, 461 U.S. 352, 358-59 n. 8

(1983); *Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 498-99 (1982); *see also*

*Smith v. Goguen*, 415 U.S. 566, 573 (1974).  Where "a statute's literal scope [reaches]

expression sheltered by the First Amendment, the [vagueness] doctrine demands a greater

degree of specificity than in other contexts.").  Section 231(a)(3) is replete with vague

and imprecise terms that fail to provide a person of ordinary intelligence a reasonable

opportunity to know exactly what conduct is prohibited.

A.     **"Any Act to Obstruct, Impede, or Interfere" Is Arbitrarily Worded.**

By penalizing "any act to obstruct, impede, or interfere," §231(a)(3) reaches the outer

limits of verbal and expressive conduct without drawing any distinction that could exclude acts

undertaken merely to convey a message or symbolic content.  *See Roy v. City of Monroe*, 950

F.3d 245, 252 (5ᵗʰ Cir. 2020) (acknowledging that "[s]tanding alone . . . a prohibition on 'any act

[undertaken] in such a manner as to disturb or alarm the public' fails meaningfully to guide the

police and thus poses a substantial risk of arbitrary or discriminatory enforcement.") (*quoting*

*Louisiana v. Cox*, 379 U.S. 536, 551-52 (1965)).  The phrase "any act to obstruct, impede, or

interfere" can fairly include within its plain meaning such diverse acts as pure speech, expressive

conduct, minimal jostling or even grievous, violent assaults.

B.     **"Incident to and During the Commission of a Civil Disorder" Is Vaguely**
        **Worded.**

The broad phrase "incident to and during the commission of a civil disorder" is also

problematically vague.  The term "civil disorder," as defined under §232(1), is extremely far-

reaching, applying to "any public disturbance involving acts of violence by assemblages of three

or more persons, which causes an immediate danger of . . . injury to the property." 18 U.S.C. §

232(1).  This definition of "civil disorder" offers no limitation to solve the vagueness problem

because it could apply to virtually any tumultuous public gathering to which police might be

called, not just large-scale protests or riots.  Further, there is no indication within the statute

whether the defendant is required to have participated in the civil disorder, or if it is sufficient

that he or she be in the general vicinity of the event.

### C.   Section 231(a)(3) Impermissibly Criminalizes Protected Speech under the First Amendment

"In the First Amendment context, . . . a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *United States v. Stevens*, 559 U.S. 460, 473 (2010) (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008)). The First Amendment protects expressive conduct such as cross-burning, flag-burning and assembly in inconvenient places.[1]   Conduct is considered expressive, and therefore protected, under the First Amendment when it "is intended to convey a 'particularized message' and the likelihood is great that the message would be so understood." *Knox v. Brnovich*, 907 F.3d 1167, 1181 (9th Cir. 2018) (quoting *Nunez v. Davis*, 169 F.3d 1222, 1226 (9th Cir. 1999)).

The plain language of §231(a)(3) is at odds with the protections of the First Amendment. Indeed, the broadness of §231(a)(3)'s scope would presumably authorize a felony conviction for a bystander who yells at police to desist from an arrest, one who gestures at officers to distract or to encourage resistance, or one who records police activity with a cell phone.  *See Hill*, 482 U.S. at 459 ("[W]e have repeatedly invalidated laws that provide the police with unfettered discretion to arrest individuals for words or conduct that annoy or offend them."); *Glick v. Cunniffe*, 655 F.3d 78, 83 (1st Cir. 2011) ("[T]he First Amendment protects the filming of government officials in public places.").  The First Amendment does not permit an unqualified prohibition on "interference" with police duties because "the freedom of individuals verbally to oppose or

---

[1] *See Virginia v. Black*, 538 U.S. 343, 365-66 (2003) ("[S]ometimes the cross burning is a statement of ideology, a symbol of group solidarity"); *Texas v. Johnson*, 491 U.S. 397, 405-06 (1989) (flag burning constituted "expressive conduct" protected by the First Amendment); *Clark v. Cmty. For Creative Non-Violence*, 468 U.S. 288, 293 (1984) (assuming that "sleeping in connection with the demonstration is expressive conduct protected to some extent by the Frist Amendment.").  Broad criminal statutes like §231(a)(3) "must be scrutinized with particular care." *Hill*, 482 U.S. at 459; *see also Winters v. New York*, 333 U.S. 507, 515 (1948) ("The standards of certainty in statutes punishing for offenses is higher than in those depending primarily upon civil sanction for enforcement.").

challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *Hill*, 482 U.S. at 462-462; *see also McCoy v. City of Columbia*, 929 F. Supp. 2d 541, 550 (D.S.C. 2013) (invalidating a state statute for overbreadth that made it "unlawful for any person to interfere with or molest a police officer in the lawful discharge of his duties.").

Criminal laws that "make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid even if they also have legitimate application." *Id.* Section 231(a)(3) extends to a substantial amount of constitutionally protected speech and expressive conduct, well in excess of the law's legitimate sweep.

> **D.** **Section 231(a)(3) Cannot be Saved by Construction without Violating the Constitutional Separation of Powers**

Judicial interpretation cannot save §231(a)(3) from its constitutional invalidity. A statute's vagueness does not permit judges to "rewrite a law to confirm it to constitutional requirements, for doing so would constitute a serious invasion of the legislative domain, and sharply diminish Congress's incentive to draft a narrowly tailored law in the first place." *Stevens*, 559 U.S. at 481. Rather, "[w]hen Congress passes a vague law, the role of the courts under our Constitution is not to fashion a new, clearer law to take its place, but to treat the law as a nullity and invite Congress to try again." *Davis*, 139 S. Ct. at 2323.

## III.   18 U.S.C. § 231(a)(3) is Unconstitutional as Applied to Mr. Davis Conduct.

The defense acknowledges that several courts, including this Honorable Court, have rejected the facial challenges to 231 set forth in Section II. *See, e.g., United States v. Nordean*, 579 F.Supp. 3d 28, 43-46 (D.D.C. 2021); *United States v. Mostofsky,* 579 F.Supp.3d 9, 25-26 (D.D.C. 2021). However, unlike *Nordean*, no specific facts are alleged in Mr. Davis's indictment. The Superseding Indictment [E.C.F. 20] simply states Mr. Davis "committed and attempted to

commit an act."   For an as-applied challenge, a movant "must show that the [law] is unconstitutional as applied to their particular speech activity."   *United States v. Grider*, ___F.Supp.3d___, 2022 WL 3016775 (July 29, 2022) (JKK) (citing *Edwards*, 755 F.3d at 1001. An as-applied challenge can prevail only if the movant's "conduct is, in fact, expressive."   *United States v. Caputo*, 201 F. Supp. 3d 65, 71 (D.D.C. 2016); *see also Texas v. Johnson*, 491 U.S. 397, 403, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989).   It is without dispute that Mr. Davis travelled to Washington, DC from Virginia to participate in a political protest and engaged in protected speech on January 6, 2023.   On its face, the Superseding Indictment fails to articulate what specific act or acts Mr. Davis did to "obstruct, impede, and interfere with a law enforcement officer."

Unlike in *Nordean*, where the First Superseding Indictment alleged that the defendants "schemed to 'evade detection by law enforcement on January 6,' and they themselves charged over metal barriers and past law enforcement officers toward the Capitol that day," no such articulated facts are present in the indictment here.   579 Supp.3d at 57.   Accordingly, the government fails to allege any conduct with sufficient specificity that Mr. Davis is charged here because of "conduct, not speech."   *Id* at 58 (*citing Phomma*, 561 F.Supp. 3d at 1068).   Other courts in this District have similarly rejected constitutional challenges to 18 U.S.C. § 231(a)(3) based on actual, articulated factual allegations of non-expressive conduct.   *Grider*, 2022 WL 3016775 at 12 (""Grider attempted to push open the doors and then kick the doors in an attempt to breach the entrance leading to [the] House Chamber where members of Congress were located.") as have at least one court in another jurisdiction.   *United States v. Phomma*, 561 F.Supp.3d 1059 (D. Or. 2021) (defendant accused of using bear spray against several Portland police officers).   The defense respectfully submits that this case is distinguishable on these facts given the Superseding Indictment has failed to appraise Mr. Davis of the "act" committed nor is he charged with

assaulting a police officer.

**CONCLUSION**

The Superseding Indictment fails to plead with sufficient specificity the allegations against Mr. Davis.  The Court should reexamine the constitutional arguments that facially challenge 18 U.S.C. § 231(a)(3).  Finally, based on the non-specific, boilerplate indictment, the Court should consider the government has not sufficiently plead that Mr. Davis is being prosecuted here for "acts" rather than constitutionally protected political speech.  For the foregoing reasons and any others that this Court deems appropriate, Counts 1 should be dismissed.  In the alternative, the defense requests the government file a bill of particulars as to which "act" Mr. Davis allegedly committed.

Respectfully submitted,

SCROFANO LAW PC

BY:       _____
Joseph A. Scrofano
Bar no.: 994083
600 F Street NW
Suite 300
Washington, DC 20001
Ph: 202-870-0889
jas@scrofanolaw.com

_____/s/_____
Morgan E. Leigh
Bar no.: 10111440
600 F Street NW
Suite 300
Washington, DC 20001
Ph: 301-916-4226
mel@scrofanolaw.com