**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :    No.: 21-cr-595 (TJK) |
| | : |
| JAMES RUSSELL DAVIS, | : |
| Defendant. | : |
| | : |

## JOINT PRETRIAL STATEMENT

Pursuant to this Court's Scheduling Order on February 23, 2023, the parties hereby submit the attached proposed jury instructions, proposed stipulations, and government's exhibit list, which is attached as Exhibit A to this pleading.  The government does not have any prior convictions it intends to use for impeachment evidence, and neither party has expert witnesses it intends on calling for trial.

## JOINT PROPOSED INSTRUCTIONS FOR THE COURT

Below is a summary of the elements of the crimes alleged in the Superseding Indictment. The parties have included the relevant definitions and citations.  Where the parties have not been able to reach agreement, the government (in blue) and the defendant (in red) have each set forth proposed language.

### COUNT ONE: OBSTRUCTING OFFICERS DURING A CIVIL DISORDER

Count One charges James Davis with obstructing law enforcement officers during a civil disorder, which is a violation of 18 U.S.C. § 231(a)(3).

Count One also charges the defendant with attempt to commit the crime of obstructing officers during a civil disorder.

**Joint Pretrial Statement – Page 1**

Government's Request:

In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

2. Second, at the time of the defendant's actual or attempted act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

3. Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

Defense's Request:

In order to find James Davis guilty of obstructing officers during a civil disorder, you must find the following four elements beyond a reasonable doubt:

1. First, the defendant knowingly committed an act.

2. Second, in committing that act, the defendant intended to obstruct, impede, or interfere with one or more law enforcement officers.

3. Third, at the time of the defendant's actual act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

4. Fourth, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in

**Joint Pretrial Statement – Page 2**

commerce *and[1]* the conduct or performance of any federally protected function. *See United States v. Rhodes*, 22-cr-15 (APM)[E.C.F. 400 at 37].

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, the Court may consider all of the evidence, including what the defendant did, said, or perceived.[2]

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.[3]

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.[4]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[5]

The term "department" includes one of the departments of the executive branch[6] (such as

---

[1] The defense has changed the word "or" is changed to "and" to track the language in the Superseding Indictment. E.C.F. 20.

[2] *See* Seventh Circuit Pattern Criminal Jury Instructions; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).

[3] 18 U.S.C. § 232(1). *See also* jury instructions in *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 16).

[4] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021). *See also* jury instructions in *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 16).

[5] 18 U.S.C. § 232(3).

[6] 18 U.S.C. § 6.

the Department of Homeland Security, which includes the United States Secret Service[7]) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[8]

<u>Additional Defense Request:</u>

The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department.[9] The term "agency or instrumentality" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia.[10]

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing

---

[7] 5 U.S.C. § 101.

[8] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971).")

[9] *See United States v. Nordean*, 579 F.Supp.3d 28, 55-56 (D.D.C. 2021); *see also United States v. Rhodes*, 22-cr-15 (APM)[E.C.F. 400 at 38]

[10] 18 U.S.C. § 232(7).

**Joint Pretrial Statement – Page 4**

federal law and D.C. law in those areas.[11]

<u>Attempt</u>

In Count One, the defendant is also charged with attempting to commit the crime of obstructing officers during a civil disorder. An attempt to obstruct officers during a civil disorder is a federal crime even if the defendant did not actually complete the crime of obstructing officers during a civil disorder.

In order to find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, the Court must find that the government proved beyond a reasonable doubt each of the following elements:

1. First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as that offense is defined above.

2. Second, that the defendant took a substantial step toward committing obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, the Court may not find Davis guilty of attempt to commit obstructing officers during a civil disorder merely because he thought about it. The Court must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, the Court may not find Davis guilty of attempt to commit obstructing officers during a civil disorder merely because he made some plans to or some preparation for committing that crime. Instead, the Court must find that the defendant took

---

[11] *See* 2 U.S.C. §§ 1961, 1967; *see also* jury instructions in *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 17).

some firm, clear, undeniable action to accomplish his intent to obstruct officers during a civil disorder.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.[12]

---

[12] Seventh Circuit Pattern Criminal Jury Instructions; Third Circuit Pattern Jury Instructions 7.01.

## COUNT TWO: ENTERING AND REMAINING IN A
## RESTRICTED BUILDING OR GROUNDS

Count Two charges James Davis with entering or remaining in a restricted building or grounds, which is a violation of 18 U.S.C. § 1752(a)(1).

In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

Government's Request:

    1.  First, that the defendant entered or remained in a restricted building or

Defense Request:

    1.  First, that the defendant entered or remained in a restricted building and

    2.  grounds without lawful authority to do so.

    3.  Second, that the defendant did so knowingly.

Government's Request:

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.[13]

Defense's Request:

The term "restricted building or grounds" means any posted, cordoned off, and otherwise restricted area of a building or grounds where the Vice President was temporarily visiting.[14]

Additional Language Proposed by the Government:

The term "person protected by the Secret Service" includes the Vice President and the

---

[13] 18 U.S.C. § 1752(c)(1). *See also United States v. Robertson*, No. 21-cr-34 (CRC) (ECF 86 at 20); *United States v. Thompson*, No. 21-cr-161 (RBW) (ECF 83 at 31); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM) (ECF 84 at 32).
[14] Defense's proposed language changed to reflect the language of the Superseding Indictment.

immediate family of the Vice President.

The term "knowingly" has the same meaning as described in Count One.

## COUNT THREE: DISORDERLY AND DISRUPTIVE CONDUCT
## IN A RESTRICTED BUILDING OR GROUNDS

Count Three charges James Davis with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of 18 U.S.C. § 1752(a)(2).

In order for the Court to find the defendant guilty of this offense, the government must prove each of the following elements beyond a reasonable doubt:

Government's Request:

1. First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Defense's Request:

1. First, that the defendant engaged in disorderly or disruptive conduct in, and in proximity to, any restricted building or grounds.

2. Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

3. Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Government's Request:

4. "Disorderly conduct" also occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others.[15]

---

[15] *United States v. Schwartz, et al,*, No. 21-cr-178 (APM) (ECF No. 172 at 27)

<u>Defense Request</u>:

4.  "Disorderly conduct" also occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others where there is a likelihood that such violence will ensue[16].

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[17]

The term "restricted building or grounds" has the same meanings as described in Count Two, and the term "knowingly" has the same as defined in Count One.

---

[16] D.C. Code § 22-1321(a)(2)

[17] Redbook 6.643, *see also United States v. Rivera,* 2022 WL 2187851, *5 (D.D.C. June 17, 2022).

**Joint Pretrial Statement – Page 10**

## COUNT FOUR: ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS

Count Four charges James Davis with engaging in physical violence in a restricted building or grounds, which is a violation of 18 U.S.C. § 1752(a)(4).

In order for the Court to find the defendant guilty of this offense, the government must prove each of the following elements beyond a reasonable doubt:

1. First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

2. Second, the defendant did so knowingly.

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual, or damage to, or destruction of, real or personal property.

The term "restricted building or grounds" has the same meanings as described in Count Two, and the term "knowingly" has the same as defined in Count One.

## COUNT FIVE: DISORDERLY OR DISRUPTIVE CONDUCT
## IN A CAPITOL BUILDING

Count Five charges James Davis with disorderly or disruptive conduct in a Capitol Building, which is a violation of 40 U.S.C. § 5104(e)(2)(D).

In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

2. Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

3. Third, that the defendant acted willfully and knowingly.

The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded. The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest. The term "Capitol Buildings" refers to the United States Capitol located at First Street, Southeast, in Washington, D.C.[18]

The terms "disorderly conduct" "disruptive conduct" have the same definitions as described in Count Three and the term "knowingly" has the same definition as described in Count One.

Government's Request:

A person acts "willfully" if he acts with the intent to do something that the law forbids,

---

[18] 40 U.S. Code § 5101

**Joint Pretrial Statement – Page 12**

that is, to disobey or disregard the law. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.[19]

Defense's Request:

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. In order to establish a "willful" violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful.[20]

---

[19] As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotation marks omitted). "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a bad purpose. In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 191-92 (internal quotation marks omitted).

[20] *Bryan v. U.S.*, 524 U.S. 184, 1945 (1998)(quoting *Ratzlaf v. U.S.*, 510 U.S. 135, 137 (1994).

## COUNT SIX: ACT OF PHYSICAL VIOLENCE IN THE
## CAPITOL GROUNDS OR BUILDINGS

Count Six of the Indictment charges defendant James Davis with engaging in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings, which is a violation of 40 U.S.C. § 5104(e)(2)(F).

In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings.

2. Second, that the defendant acted willfully and knowingly.

The term "United States Capitol Grounds" and "Capitol Buildings" has the same definition as described in Count Five, the term "act of physical violence" has the same definition as described in Count Four, the term "knowingly" has the same definition as described in Count One, and the term "willfully" has the same definition as described in Count Five.

## STIPULATION OF THE PARTIES

The following stipulations have been agreed to by the parties:

### *The Capitol Building and Grounds*

By law, the U.S. Capitol, which is located at First Street, SE, in Washington, D.C., is secured twenty-four hours a day by U.S. Capitol Police (USCP). Restrictions around the Capitol include permanent and temporary security barriers and posts manned by USCP. Only authorized people with appropriate identification are allowed access inside the Capitol. At the U.S. Capitol, the building itself has 540 rooms covering 175,170 square feet of ground, roughly four acres. The building is 751 feet long (roughly 228 meters) from north to south and 350 feet wide (106 meters) at its widest point. The U.S. Capitol Visitor Center is 580,000 square feet and is located underground on the east side of the Capitol. On the west side of the Capitol building is the West Front, which includes variety of open concrete spaces, a fountain surrounded by a walkway, two broad staircases, and multiple terraces at each floor. On January 6, 2021, the inaugural stage scaffolding was on the West Front of the Capitol building. On the East Front are three staircases, porticos on both the House and Senate side, and two large skylights into the Visitor's Center surrounded by a concrete parkway.

On January 6, 2021, the exterior plaza of the U.S. Capitol was closed to members of the public. See Map Outlining Restricted Area on January 6, 2021, attached as Government's Exhibit 101. These security barriers included bike racks that were positioned to the north of the U.S. Capitol along Constitution Avenue; to the south of the U.S. Capitol along Independence Avenue; to the west of the U.S. Capitol along First Street on the eastern side of that street; and, on the east side of the U.S. Capitol, between the Capitol Plaza (East Front) and the grassy areas located between the Plaza and First Street. Within the West Front of the Restricted Area there were additional temporary barriers due to preparations and ongoing construction for the Inauguration

which was scheduled for January 20, 2021, including green snow fencing and signs stating, "Area Closed By order of the United States Capitol Police Board."

On January 6, 2021, the Restricted Area described above and depicted in Government's Exhibit 101 was a posted, cordoned off, or otherwise restricted area where the Vice President and members of his immediate family were and would be temporarily visiting, and therefore constituted a "restricted building or grounds" as that term is used in Title 18, United States Code, Section 1752(c).

### *The Certification of the Electoral College Vote*

On January 6, 2021, a joint session of the United States Congress convened at the U.S. Capitol.  During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in both the House and Senate chambers of the Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on Tuesday, November 3, 2020.

On January 6, 2021, the House of Representatives began its session at approximately 12:00 p.m., the Senate began its session at approximately 12:30 p.m., and the two Houses met together at approximately 1:00 p.m. in the House of Representatives chamber to begin the joint session. Vice President Mike Pence was in the Capitol building and presiding over the joint session.   At approximately 1:15 p.m., the House and Senate adjourned to their separate chambers for up to two hours to resolve a particular objection.

At approximately 2:12 p.m., Vice President Pence evacuated the Senate chamber, and approximately one minute later the senator who had become the presiding officer in Vice President Pence's absence declared that the Senate would stand in recess.  Senators evacuated the Senate

chamber.

At approximately 2:15 p.m., Speaker Nancy Pelosi, who was presiding over the House of Representatives, evacuated the House chamber, and approximately fifteen minutes later the representative who had become the presiding officer in her absence declared that the House would stand in recess. Representatives evacuated the House chamber. Other Representative were evacuated later from the House Gallery.

The joint session was suspended.

The Senate and House resumed meeting at approximately 8:06 p.m. and 9:02 p.m., respectively. Congress's joint session continued until approximately 3:44 a.m. on January 7, 2021, when it completed the certification of the Electoral College vote.

### *The Civil Disorder*

Beginning at approximately 12:53 p.m. on January 6, 2021, and continuing until approximately 6:30 p.m. on January 6, 2021, the events on the Grounds of the U.S. Capitol and in the U.S. Capitol building constituted a "civil disorder" as that term is used in Title 18, United States Code, Section 231(a)(3), which means that it was a public disturbance involving acts of violence by assemblages of three or more persons, which caused an immediate danger of or resulted in damage or injury to the property or person of any other individual.

### *Commerce*

The term "commerce" means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia.

Under the Constitution, Congress has the exclusive power to enact laws for the District of Columbia.

### *Federally Protected Function*

The civil disorder on the Grounds of the U.S. Capitol and in the U.S. Capitol building on January 6, 2021, adversely affected a "federally protected function" as that term is used in Title 18, United States Code, Section 231(a)(3). That means that the civil disorder adversely affected any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. The federally protected functions that were adversely affected included the following: the United States Secret Service's protection of the Vice President of the United States and immediate family members of the Vice President.

### *Officers from the United States Capitol Police and*
### *Washington, D.C., Metropolitan Police Department*

On January 6, 2021, officers from the United States Capitol Police (USCP) on the U.S. Capitol Grounds and in the U.S. Capitol building were engaged in their official duties as officers or employees of the United States or of any agency in any branch of the United States Government, as those terms are used in Title 18, United States Code, Section 1114.

On January 6, 2021, officers from the Washington, D.C., Metropolitan Police Department (MPD) on the U.S. Capitol Grounds and in the U.S. Capitol building were assisting officers from the USCP who were engaged in their official duties as officers or employee of the United States or of any agency in any branch of the United States Government, as those terms are used in Title 18, United States Code, Section 1114.

*Identity of the Parties*

The photos below were taken in Washington, DC on January 6, 2021. Defendant Davis is pictured in Government Exhibits below.



*Still from Government's Exhibit 213*



*Still from Government's Exhibit 203*

### *Cellular Phone Belonging to James Davis*

On July 26, 2021, pursuant to a search warrant authorized by a federal magistrate judge, the FBI seized from James Davis a cellular telephone, Samsung Galaxy 10, PW:1310, Serial Number: RF8M422A48.  During the timeframe of January 1, 2020 through at least July 26, 2021, James Davis' phone number was (XXX) XXX-6453.  The FBI performed a forensic analysis on the cellular telephone and generated a report.  This report is Exhibit 301. The parties agree to the foundation and authenticity of these reports.

### *Standard Protocols for Device Extraction for James Davis' Cell Phone*

As part of this case, the FBI performed a digital forensic extraction of Defendant James Davis' cell phone. The United States and Defendant Davis agree and stipulate to the following:

1. James Davis' cell phone number was (XXX) XXX-6453 from January 1, 2020, through at least July 26, 2021.

2. On or about July 26, 2021, FBI lawfully obtained Davis' cell phone and retained it as evidence in this case.

3. FBI maintained proper chain of custody for Davis' cell phone throughout the pendency of this case.

4. FBI employed proper and reliable techniques to extract the data from Davis' cell phone.

5. Government Exhibit 302 is an accurate and authentic copy of digital content extracted from Davis' cell phone.

### _United States Capitol Police Closed Circuit Video Monitoring_

The United States Capitol Police (USCP) operate and maintain closed-circuit video monitoring and recording equipment that captures locations inside and outside of the U.S. Capitol building and on the Capitol grounds. The video equipment timestamps each recording with the date and time at which the footage is captured. The USCP-controlled video equipment was in good working order on January 6, 2021, and video footage recovered from the cameras and equipment with the timestamp of January 6, 2021 is footage from January 6, 2021. The events depicted in the video footage are a fair and accurate depiction of the events at the U.S. Capitol on January 6, 2021, the timestamps on the recordings are accurate, and the video footage was not altered or edited in any way. The video footage, contained in Government Exhibits 125, 129, 130, and 207-210 is authentic in that it is what it purports to be.

### *Body Worn Camera*

The body worn camera videos are created and maintained by the Metropolitan Police Department.  They are accurate and were created using reliable methods.  The video was not altered or edited in any way.  The video footage, contained in Government Exhibits 201-206 is authentic in that it is what it purports to be.  The recording software timestamps each recording with the date and time at which the footage is captured.  The timestamps are accurate.  The video and/or any other copies are "admissible into evidence to the same extent as the original," within the meaning of Federal Rule of Evidence 1003.

### *United States House of Representatives and Senate Compilation Video*

On January 6, 2021, much of the proceedings taking place on the Senate and House floors were contemporaneously recorded by the Senate Recording Studio and the House Recording Studio, respectively.  The Senate Recording Studio's purpose is to serve the Senate. The House Recording Studio's purpose is to serve the House.  Cameras on the Senate and House floors record activity occurring there. This footage is also broadcast through the Cable-Satellite Public Affairs Network (CSPAN). The video footage contained in Exhibit 124 is a fair and accurate depiction of the events on the Senate and House floors on January 6, 2021, the timestamps on the recordings are accurate, and the video footage was not altered or edited in any way.  The video footage is authentic in that it is what it purports to be.

### *United States Capitol Police Closed Circuit Video Montage*

The video footage contained in Exhibit 125 was taken from cameras located inside and outside of the U.S. Capitol building and grounds.  The cameras from which the video footage was

taken were operated and maintained by the United States Capitol Police.   The video footage contained in Exhibit 125 is a fair and accurate depiction of the events at the U.S. Capitol on January 6, 2021, the timestamps on the recordings are accurate, and the video footage was not altered or edited in any way.   The video footage is authentic in that it is what it purports to be.

The following two stipulations are still being considered by the defense:

### *Trial Testimony and Transcript of Inspector Lanelle Hawa*

Government Exhibit 116 is a transcript of testimony given by Lanelle Hawa in the trial of *United States v. Ethan Nordean, et al.,* No. 1:21-cr-00175-TJK on January 18 and 19, 2023.   The parties agree that this transcript accurately reflects Inspector Hawa's testimony in the *Nordean* trial, and that she would offer the same testimony again here if questioned on the same subject, and that her testimony from the *Nordean* trial is admissible in this trial.

The transcript of the testimony given by Lanelle Hawa in *Nordean* refers to exhibits admitted during the *Nordean* trial:

Government Exhibit 100 in *Nordean* is a map showing the perimeter set up at the U.S. Capitol in anticipation of the Vice President's visit.   This same exhibit is numbered as Government Exhibit 101 for this trial.

Government Exhibit 111 in *Nordean* is a closed-circuit video of the Senate Hallway in the U.S. Capitol.   This same exhibit is numbered as Government Exhibit 130 for this trial.

Government Exhibit 154 in *Nordean* is a closed-circuit video of the East Front of the U.S. Capitol Grounds.   This same exhibit is numbered as Government Exhibit 129 for this trial.

Government Exhibit 925 in *Nordean* is a document entitled Head of State Worksheet concerning then Vice President Michael Pence's visit to the U.S. Capitol on January 6, 2021.   It

includes information pertaining to the location of the Vice-Presidential motorcade upon arrival, and the anticipated locations of former Vice President Michael Pence while he was in the U.S. Capitol building.  This same exhibit is numbered as Government Exhibit 123 for this trial.

### *Trial Testimony and Transcript of Captain Ronald Ortega*

Government Exhibit 119 is a transcript of testimony given by Captain Ronald Ortega in the trial of *United States v. Thomas Robertson*, 21-cr-034, on April 5, 2022. The parties agree that this transcript accurately reflects Captain Ortega's testimony in the *Robertson* trial, and that he would offer the same testimony again here if questioned on the same subject, and that his testimony from the *Robertson* trial is admissible in this trial.

FOR THE UNITED STATES
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:      /s/ *Stephen J. Rancourt*
STEPHEN J. RANCOURT
WILL N. WIDMAN
ASSISTANT U.S. ATTORNEYS
Texas Bar No. 24079181
NC Bar No. 48158
United States Attorney's Office
Capitol Siege Section
601 D Street NW
Washington, D.C. 20530
Phone: 202-353-8611
Stephen.Rancourt@usdoj.gov
Will.Widman@usdoj.gov

FOR THE DEFENDANT

SCROFANO LAW PC


<u>/s/ Joseph A. Scrofano</u>
By:    Joseph A. Scrofano.
Morgan E. Leigh
Scrofano Law PC
D.C. Bar no.: 994083
600 F Street NW, Suite 300
Washington, D.C. 20004
(202) 870-0889
jas@scrofanolaw.com